WEST, Kermit, Appellant,

v.

KEVE, Paul W., in his capacity as Director of the Division of Adult Corrections of the State of Delaware and Anderson, Raymond, in his capacity as Superintendent of Delaware Correctional Center.

No. 83–1085.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 29, 1983.

Decided Nov. 9, 1983.

Rehearing and Rehearing In Banc Denied Nov. 29, 1983.

William C. Anderson, Anderson, Converse & Fennick, York, Pa., John C. Landis, Lawrence Wimbush, The Delaware Law School, Wilmington, Del., for appellant.

John J. Polk, Deputy Atty. Gen., Delaware Dept. of Justice, Wilmington, Del., for appellees.

Before ALDISERT and BECKER, Circuit Judges, and COHILL, District Judge.*

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal presents two questions. First, whether a party dissatisfied with the disposition of the cause on the merits in a federal civil rights suit must appeal after the resolution of the case in chief or may wait until the determination of the attorney's fee award. Second, whether the district court has properly used Rule 60(b), Federal Rules of Civil Procedure, to reinstate a previously issued final judgment solely for the purpose of giving appellant an extension of time within which to file a timely notice of appeal, when such an extension would be barred by Rule 4(a), F.R.A.P.

### I.

The procedural posture of this case is uncomplicated. Appellant, a Delaware prison inmate who was represented by counsel, sued state prison officials in federal court under a federal civil rights statute. A final decision on the merits was rendered by the district court and reduced to judgment on June 11, 1982, 541 F.Supp. 534. On June 21, appellant moved for an award of attorney's fees and, by October 13, 1982, entered into a stipulation with defendants as to the amount. The district court has never formally endorsed this stipulation.[1]

Plaintiff became concerned that the time to appeal the June 11, 1982 decision on the merits may have run, and filed a Rule 60(b) motion[2] in the district court on December 7, 1982 for the purpose of establishing a new final judgment date to allow for a timely appeal.[3] The district court granted

---

* Honorable Maurice B. Cohill, Jr., of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. The district court, in a letter dated October 26, 1982, told counsel for the state corrections officials that:

   Upon my return from vacation, I found your letter of October 13, 1982 addressed to me relative to the entry of a final order in the above case.

   On June 11, 1982, we filed our Opinion and Order dismissing this action as to the defendant in their official and individual capacities.

   Since our records show that this matter has been taken care of, we do not understand your present request.

   As for the stipulation concerning attorneys' fees, the Court finds no need to sign it "SO ORDERED." If you believe that the stipulation should be signed by me, I will be glad to set up a conference.

   Exhibit "D" attached to appellant's Rule 60(b) motion.

2. Rule 60(b) provides in relevant part:

   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect; ....
   The motion shall be made within a reasonable time, and for reason[ ](1), ... not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

3. A prime reason for relief sought was the admitted failure of appellant's former counsel to keep abreast of newly developing federal law both in the Supreme Court and this court. Thus, the Rule 60(b) motion stated:

   Plaintiff's former counsel, as reflected in his affidavit [Exhibit I], shepardized *Croker* on June 17, 1982 while researching the Motion For Attorney's Fees. It was not marked "overruled" or "questioned" in any way. In-

the motion, purporting to vacate the June 11 order and then reinstated it immediately as a January 6, 1983 final judgment. It entered no order in the motion for attorneys' fees, simply noting that it had been withdrawn.[4] The notice of appeal was filed February 2, 1983.

## II.

Although represented by counsel both at trial and on appeal, appellant failed to file a notice of appeal within 30 days of the June 11, 1982 judgment. He was of the view that the June 11 order was not final, and therefore not appealable, under *Croker v. The Boeing Co. (Vertol Division),* 662 F.2d 975 (3d Cir.1981) (in banc). *Croker* held that whenever there was a request for attorney's fees following a decision on the merits, so long as even the amount of the award remained unresolved, there was no final, appealable order in the case. *Id.* at 983. Thus, where an attorney's fee motion followed a judgment on the merits, that judgment could be appealed only after proper resolution of the fee petition. Subsequent to *Croker* the Supreme Court, in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), decided that attorney's fee petitions were actions collateral to the case in chief and not Rule 59, F.R.Civ.P., motions to alter or amend the judgment. Thus, according to the Court, an otherwise final decision on the merits of a case is an appealable order even though an attorney's fee petition may be filed subsequently. This ruling, as recognized in *Halderman v. Pennhurst State School & Hospital,* 673 F.2d 628, 644 (3d

Cir.1982) (Opinion sur Petition For Rehearing), sufficiently undercut the decisional basis of *Croker* so that the

> *Croker* rule no longer has any vitality, [and] litigants in this circuit should rely on our previous holdings [citing cases] that orders disposing finally of the merits are appealable even though the questions relating to attorney's fees have been left undetermined.

*Id.*

Although *White,* as illuminated by *Halderman,* establishes that an appeal *may* be lodged after final judgment on the merits, and prior to adjudication on an attorney's fee petition, the question remains whether the appeal from the decision on the merits *must* be lodged within the requisite time period following entry of judgment thereon.

### A.

This court is no stranger to the agony of deciding when the appeal should be filed. In a struggle to accommodate competing considerations, we decided as early as 1976 that reserving the determination of costs and attorney's fees did not affect the finality of the merits judgment for the purposes of a final appeal under 28 U.S.C. § 1291. *Baughman v. Cooper-Jarrett, Inc.,* 530 F.2d 529, 531 n. 2 (3d Cir.1976). In 1980 we reiterated this rule in *DeLong Corp. v. Raymond International, Inc.,* 622 F.2d 1135, 1138 n. 3 (3d Cir.1980). But by 1981, we decided that the full court should examine the problem, and in *Croker v. The Boeing Co. (Vertol Division),* 662 F.2d 975 (3d Cir. 1981) (in banc), we announced a preference

---

deed, the July 1982 Shephard's Federal Citations does not contain any reference to *Halderman* whatsoever. [Exhibit J]

Finally, even if counsel habitually skimmed all newly decided Third Circuit opinions, the headnotes to the opinion, which appeared in the May 10, 1982 advance sheets, do not note any overruling of the *Croker* doctrine, a decision of the Third Circuit *en banc.*

Paragraph 16 of appellant's Rule 60(b) motion. It is sufficient to note that this court speaks through its written opinions, not through privately printed tables, digests or compilations of headnotes. Our information is that headnotes, and not the opinions, are considered as law

pronounced by the court in only one jurisdiction—the Supreme Court of Ohio.

4. The district court recorded:

> 3. Plaintiff's Motion for Attorneys' Fees, construed as seeking an award for interim attorney's fees for the period February 19, 1975 to May 29, 1976, is deemed withdrawn with leave granted to apply for an award of attorney's fees for a subsequent time period if, after any further appeal, the Court's dismissal of this action is reversed or remanded.

App. at 266A.

for a unitary rule; we decided that where attorney's fees had to be adjudicated, there was no finality to the earlier judgment on the merits and that only a decision on the attorney's fee triggered the finality requirements of 28 U.S.C. § 1291. As we have noted, a year later the Supreme Court in *White* thought otherwise, as we explained in *Halderman.*

It is not necessary to detail myriad aspects of troublesome finality-of-judgment problems that affect both judges and litigants in the circumstances presented here. We do not exaggerate when we observe that today no specific guidance appears; that the careful appellate advocate will file *two* appeals in each case where attorney fee adjudication is implicated—one after the merits judgment and one after the resolution of the attorney's fee dispute. We have decided to "bite the bullet." We now decide the issue with no little reluctance, in full recognition that reasonable arguments could support a different conclusion.

### B.

We are alerted to what the Supreme Court, speaking through Justice Jackson, stated on a kindred issue of finality:

> Half a century ago this Court lamented, "Probably no question of equity practice has been the subject of more frequent discussion in this court than the finality of decrees. . . . The cases, it must be conceded, are not altogether harmonious." *McGourkey v. Toledo & Ohio Cent. R. Co.,* 146 U.S. 536, 544–45 [13 S.Ct. 170, 172, 36 L.Ed. 1079]. This lamentation is equally fitting to describe the intervening struggle of the courts; sometimes to devise a formula that will encompass all situations and at other times to take hardship cases out from under the rigidity of previous declarations; sometimes choosing one and sometimes another of the considerations that always compete in the question of appealability, the most important of which are the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.

*Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950). We recognize that respectable arguments may be advanced to support the position that the time for filing an appeal on the merits should be optional, *i.e.,* that the appeal could be filed either after the merits judgment or after a subsequent fee adjudication. In certain cases, a unitary appeal will terminate the litigation, and thus eliminate the cost and inconvenience of piecemeal appeals. The appellate court may be able to affirm both the merits and the fee award in a single appeal. Yet there is no guarantee that a unitary appeal will always conclude the litigation.

Only where the appellate court is able to affirm both the decision on the merits and the fee award will a unitary appeal filed after the fee determination be both more cost-effective and convenient. If the fee award is based on a "prevailing party" standard, however, *see, e.g.,* 42 U.S.C. § 1988, then an appellate court's reversal on the merits may well require a redetermination of the fee issue. In such cases, a unitary appeal saves no appellate court time because later the court may be required to review a new fee determination.

But it is the district court that expends the most time and energy on the difficult process of evaluating fee petitions and conducting hearings on them. To permit the option of a unitary appeal, with the possibility of appellate reversal on the merits, exposes district judges to the necessity of conducting two separate time-consuming fee proceedings, both prior to and after the appeal. This is an inefficient use of judicial resources, already overtaxed.

### C.

Under *White and Halderman,* a decision on the merits, arrived at prior to a fee determination, is a final judgment from which an appeal may be taken immediately, and that the subsequent attorney's fee petition "raises legal issues collateral to the main cause of action . . . ." *White,* 455 U.S. at 451, 102 S.Ct. at 1166. The fee determination does "not make any step to-

ward final disposition of the merits of the case" and "is not an ingredient of the cause of action and does not require consideration with it." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949). It was this collateral aspect of the fee determination that prompted the Seventh Circuit to conclude that appellants are *required* to appeal from the earlier judgment:

> We conclude that attorneys' fees awards are "incidental" to the main litigation, and thus reservation of the issue of fees does not affect the finality of the decision on the merits of the case. Therefore, when plaintiffs failed to appeal from the judgment ..., they lost their right to a review of that judgment.

*Swanson v. American Consumer Industries, Inc.,* 517 F.2d 555, 561 (7th Cir.1975). We find this reasoning persuasive.

### D.

■ On the basis of pragmatic and jurisprudential considerations, therefore, we hold that an appeal on the merits of the predicate case must be filed within the requisite time period following entry of judgment thereon, notwithstanding that an attorney's fee petition may also be, or has been, filed. Where the litigant fails to file a timely notice of appeal within the prescribed period, the litigant loses the right to an appeal on the merits of the predicate controversy.[5]

### III.

■ In formulating this rule we are aware that certain litigants now pursuing fee awards may not have protected themselves by filing cautionary appeals from the predicate decision on the merits. We have, therefore, decided that today's holding shall have prospective effect only. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). We have "weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable re-

sults if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretro activity.' " *Id.* at 107, 92 S.Ct. at 355–356 (quoting *Cipriano v. City of Houma,* 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969)). The rule we announce today shall not be applicable where, prior to this date, there has been a final judgment on the merits of a case *and* a petition for attorney's fees is pending. In these cases an appeal on the merits may be lodged within the appropriate time after adjudication of the attorney's fees issues. *See, e.g.,* comparable prospectivity limitations in *Tehan v. United States ex rel. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) (rule of *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) not applicable to cases which have become final prior to *Griffin*); *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) (rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) applicable only to trials begun after date of *Miranda*); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) (rule of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) applicable only to lineups conducted after date of *Wade* decision).

Accordingly, the new rule will not affect this appellant. But this does not end our inquiry. We now must determine whether the appeal in the case at bar was properly lodged within appropriate time limits after the presentation of the fee petition.

### IV.

We begin by recognizing that there has been no court determination of attorney's fees in this case. The petition for fees was settled by a stipulation entered into on October 13, 1982. No district court action has elevated this agreement *inter se* to the status of a final appealable order. The stipulation did reserve plaintiff's right to seek additional fees for a subsequent time period "if, after any further appeal, plaintiff is

---

**5.** Should the district court prefer to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application.

determined a prevailing party in any matters subsequent to that date."[6] But the district court's January 6, 1983 order declared that this "additional" fee petition was withdrawn, albeit with leave granted to reapply for such an award "if, after any further appeal, the Court's dismissal of this action is reversed or remanded." App. at 266A. Therefore, the only appealable order in this case is that entered on June 11, 1982, and we must now determine if the appeal filed on February 2, 1983 is timely as to that order.

As noted earlier, after the parties arrived at an agreement on the attorney's fee issue, appellant, concerned that his time to appeal the June 11 order may have run, moved the district court under Rule 60(b) to reinstate the earlier judgment and essentially revive his time for appeal. This motion was granted on January 6, 1983 and appellant filed his notice of appeal 27 days later, on February 2. Rule 60(b) allows a district court to provide relief from a final judgment if filed "within a reasonable time ... not more than a year after the judgment, order or proceeding was entered or taken." This rule, however, is arguably in conflict with Appellate Rule 4(a)(5), which requires that:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any motion which is filed before the expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

The Advisory Committee on Appellate Rules further explains that under Rule 4(a)(5):

a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and ... if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.

This court has shown uneasiness with the seemingly inequitable results that may flow from a strict application of the harsh time constraints in Rule 4(a). We address this issue *de novo* and we limit ourselves only to the circumstances presented here, *viz,* where the sole stated purpose of the Rule 60(b) motion is to extend the time for appeal.

Rule 4(a) is a specific procedural rule, governing appellate practice, based on a statutory declaration, 28 U.S.C. § 2107, prescribing the time within which an appeal from a district court order must be taken. Rule 60(b) is a general procedural rule, of applicability to district courts, allowing for relief from judgments. It is a fundamental principle of statutory construction that the specific language controls over general language. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Under this principle, Rule 4(a), and not Rule 60(b), controls the time within which an appeal must be taken. Also, to allow a party to rely on Rule 60(b) as an alternative to the time constraints of Rule 4(a) would have the substantive effect of nullifying the provisions of Rule 4(a)(5). Competing statutes should not, if at all possible, be interpreted so that the provisions of one will abrogate the provisions of another. *United States v. Braverman,* 373 U.S. 405, 83 S.Ct. 1370, 10 L.Ed.2d 444 (1963). Like reasoning applies to competing rules. For these reasons, the courts of appeals who have addressed this question have uniformly held that the albeit harsh time constraints of Rule 4(a) must control and that Rule 60(b) cannot be used as a means of avoiding dismissal for want of a timely appeal. *See Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127, 1128 (5th

---

**6.** Stipulation attached as Exhibit "C" to appellant's Rule 60(b) motion.

Cir.1975); *Horace v. St. Louis Southwestern R.R.,* 489 F.2d 632, 633 (8th Cir.1974); *Hodgson v. United Mine Workers,* 473 F.2d 118, 124–25 & nn. 28–33 (D.C.Cir.1972); *Wojton v. Marks,* 344 F.2d 222, 224–25 (7th Cir.1965); *Demers v. Brown,* 343 F.2d 427, 428 (1st Cir.1965), *cert. denied,* 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64 (1965).

■ We hold, therefore, that because the avowed purpose of the Rule 60(b) motion in this case was to extend the time for appeal, it had to meet the time limitations of Rule 4(a). We expressly do not decide whether a Rule 60(b) motion must meet the time constraints of Rule 4(a) under other circumstances not present here.

■ In the present case, Rule 4(a)(1) allowed appellant to file his notice of appeal from the decision on the merits no later than July 12 and Rule 4(a)(5) would have allowed him to file a motion to extend the time for appeal to August 10. Because appellant filed neither his notice of appeal nor a Rule 4(a)(5) motion within these time periods, the appeal he did file on February 2, 1983 could be deemed untimely and dismissed for want of jurisdiction.

Were we to assume that appellant could have sought review of the attorney fee stipulation dated October 13, 1982, and recast appellant's December 7, 1982 Rule 60(b) motion into a Rule 4(a)(5) motion, the result is the same. Under this scenario, appellant would have had until December 13 to file for a Rule 4(a)(5) extension, but, if an extension had been granted, would have had to file his notice of appeal by either December 13 or ten days after the grant, whichever was later. Here, the now recast Rule 4(a)(5) motion would have been timely filed on December 7, 1983, well within the time provided in the rule. But, the appeal itself, filed on February 2, 1983, came some 27 days after the January 6 grant of appellant's motion, and thus was out of time by 17 days.

Whatever may be the equities or attractiveness of appellant's situation, we cannot permit this particular Rule 60(b) motion, even when recast into a Rule 4(a)(5) mold, to countervene the clear command of Rule 4. This court has been the object of stern corrective instruction from the Supreme Court after permitting an appellant to proceed in contravention of explicit time limitations of Rule 4. *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In *Griggs* the Court rejected our reasoning, *Griggs v. Provident Consumer Discount Co.,* 680 F.2d 927 (3d Cir.1982), and reversed our result, explaining that, under Rule 4(a), "[t]he filing of a notice of appeal is an event of jurisdiction significance," and that "the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" *Id.,* —— U.S. at ——, 103 S.Ct. at 403 (citing *Browder v. Director, Illinois Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–561, 54 L.Ed.2d 521 (1978)).

Accordingly, we hold that appellant's notice of appeal was not timely even under the assumption that an appeal could be lodged after the parties' agreement on attorneys' fees.

## V.

The appeal will be dismissed for lack of jurisdiction.

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges, and CO-HILL, District Judge.*

### SUR PETITION FOR REHEARING
ALDISERT, Circuit Judge.

The petition for rehearing filed by Appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who

---

* Honorable Maurice B. Cohill, Jr., of the United States District Court for the Western District of Pennsylvania, sitting by designation.

concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

Judge Garth would grant the petition for rehearing limited solely to the Fed.R.Civ.P. 60(b) issue. As to that issue, Judge Garth would give the panel's 60(b) holding effect only from and after November 9, 1983, the date when the panel opinion in *West v. Keve,* 721 F.2d 91 was filed.