EARL REALTY, INC.

v.

Alfred J. LEONETTI, Jr., Lois R. Leonetti, Brigantine Coast Realty, Inc. and Commercial Mortgage Co.

Civ. A. No. 84–2987.

United States District Court, E.D. Pennsylvania.

March 25, 1985.

Alison Douglas Knox, John S. Estey, Philadelphia, Pa., for plaintiff.

Gilbert Newman, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Earl Realty, Inc. has filed this appeal from the bankruptcy court's denial of its motion for expenses, including counsel fees, attributable to Commercial Mortgage Company's failure to answer and admit certain matters raised in Earl Realty's pretrial requests for admissions. For the reasons discussed below, the bankruptcy court's Order of May 2, 1984 will be affirmed in part and remanded in part.

A summary of the extensive procedural history in this case is necessary for an appreciation of the context out of which Earl Realty's December 14, 1983 motion arose: On November 12, 1981, Earl Realty initiated this creditor's action seeking to determine the dischargeability of a debt owed by the Leonettis (Count I) and to subordinate the mortgage lien of Commercial Mortgage (Count II). Counts I and II were severed by stipulation of the parties on January 28, 1982, and it was agreed that Count II would be tried first. Earl Realty filed two sets of requests for admissions directed to Commercial Mortgage, on February 12, 1982 and June 8, 1982; Commercial Mortgage objected to each set in its entirety. On August 20, 1982, Earl Realty filed a motion seeking, in the alternative, a ruling that the matters contained in its requests for admissions were deemed admitted or an order compelling answers and awarding counsel fees under Bankruptcy Rule 7037 and Fed.R.Civ.P. 37(a)(4). On September 7, 1982, the bankruptcy court ordered Commercial Mortgage to file specific answers to both sets of requests for admissions, and "further ordered that [Earl Realty] supply an itemized statement of services in support of its request for allowance of counsel fees." Earl Realty provided an itemized statement of its services, as ordered, on September 7, 1982. Commercial Mortgage filed its answers, with several denials, on September 10. Trial upon Count II, pertaining to Commercial Mortgage, commenced on September 22, 1982. On September 23, after the bankruptcy court ruled that Earl Realty could not introduce admissions evidence submitted by the Count I defendants and denied Earl Realty's request for a continuance, counsel for Earl Realty conceded that she could not meet the burden of proving a right to equitable subordination. The Court dismissed Count II of Earl Realty's complaint and entered judgment in favor of Commercial Mortgage on September 28, 1982. On October 27, 1982, the bankruptcy court de-

nied Earl Realty's request for reconsideration of its rulings on admissibility and on the request for continuance.

On November 8, 1982, without having sought or obtained any further action on its request for expenses and counsel fees, Earl Realty filed a notice of appeal of the dismissal of Count II in this Court, citing error in the aforementioned trial rulings of the bankruptcy court. Earl Realty did not raise its right to expenses and fees on appeal. This Court, 28 B.R. 1003, affirmed the rulings of the bankruptcy court and the dismissal of Count II by a Memorandum and Order dated March 8, 1983. This Court denied Earl Realty's motion to amend or reconsider the March 8 Order on April 6. On November 3, 1983, the Third Circuit Court of Appeals affirmed this Court's Orders of March 8 and April 6, 1983, 725 F.2d 667.

Having prosecuted appeals to this Court and the Third Circuit in connection with the rulings which led to the dismissal of Count II, Earl Realty returned to the bankruptcy court on December 14, 1983 and filed a motion "For Payment of Counsel Fees by Defendant Commercial Mortgage on Account of (1) Plaintiff's Successful Motion to Compel Answers to Its Requests for Admissions [under F.R.C.P. 37(a)(4)] and (2) Under F.R.C.P. 37(c) For Defendant's Failure to Admit" matters which Earl Realty claimed to have proved at trial. The bankruptcy court's denial of this motion is before this Court on appeal.

Bankruptcy Rule 7037 incorporates Fed. R.Civ.P. 37, which provides in pertinent part:

RULE 37. Failure to Make or Cooperate in Discovery: Sanctions

(a) Motion for Order Compelling Discovery ...

(4) *Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust....

(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

I. *Rule 37(c)*

■ The Court has determined that Earl Realty's requests for expenses and fees under Rule 37(a)(4) and under Rule 37(c) warrant separate treatment. Earl Realty did not file a motion under Rule 37(c) in connection with its expenses for proof at trial of matters denied by Commercial Realty until December 14, 1983, almost fifteen months after it incurred these expenses at trial. Earl Realty must be deemed to have waived its claim for these expenses by failing to file an appropriate motion under Rule 37(c) with the bankruptcy court at trial or immediately after trial and before filing its notice of appeal. *See Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772 (7th Cir.1975); *G & M, Inc. v. Newbern*, 488 F.2d 742 (9th Cir.1973).

■ The Seventh Circuit in *Popeil Brothers* specifically ruled that "Rule 37(c) expenses and fees must be timely sought prior to judgment and appeal, and ... if the judgment is silent in regard thereto,

they are deemed waived or denied." *Popeil Brothers, supra,* 516 F.2d at 778. In so ruling, the court was careful to distinguish between Rule 37(c) fees and expenses and an award of *costs* to the prevailing party under Fed.R.Civ.P. 54(d), which are frequently assessed and awarded after the prosecution of all appeals. *Id.* at 777. The distinction is an appropriate one: Rule 37(c) fees and expenses may be awarded to any party who, having requested an admission, is required to offer proof of the truth of the matter *at trial;* whereas, an award of costs is generally made in favor of the party who *ultimately* prevails in the litigation.

Earl Realty relies on *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and *West v. Keve,* 721 F.2d 91 (3d Cir.1983) as support for its contention that issues relating to attorney's fees need not be presented in an appeal on the merits. However, these cases hold only that the attorney's fee petition filed by the party who *prevailed at trial* need not be ruled upon prior to an appeal on the merits. *West v. Keve, supra,* at 93 (citing *White, supra; Halderman v. Pennhurst State School & Hospital,* 673 F.2d 628, 644 (3d Cir.1982) (Opinion Sur Petition for Rehearing). The Third Circuit in *West* explained that it would not be cost-effective to require a unitary appeal of the decision on the merits and the fee award to the prevailing party because "the possibility of reversal on the merits ... exposes district judges to the necessity of conducting two separate time-consuming fee proceedings, both prior to and after the appeal." *West v. Keve, supra,* at 94.

*West* and *White* have no application by either rule or logic to Earl Realty's motion for fees and expenses under Rule 37(c), because a ruling on a Rule 37(c) motion is not dependent upon the outcome of the litigation. Rule 37(c) provides that

> [i]f a party fails to admit ... the truth of any matter as requested ... and if the party requesting the admissions thereafter proves ... the truth of the matter,

he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Logic and reason dictate that a motion for Rule 37(c) expenses should be made at or within a reasonable time after trial, and in any event prior to appeal. Earl Realty cannot be permitted to return to the trial court 15 months after trial and ask the court to make the findings required under Rule 37(c). It is for this reason that the portion of the May 2, 1984 Order of the bankruptcy court denying Earl Realty's request for fees and expenses under Rule 37(c) is affirmed.

## II. *Rule 37(a)(4)*

■ Earl Realty's request for expenses pursuant to Rule 37(a)(4) presents a somewhat different problem. This is because Earl Realty did file a timely request for Rule 37(a)(4) expenses in its motion to compel answers to its requests for admissions by Commercial Mortgage. In addition, Earl Realty promptly complied with the bankruptcy court's order to submit an itemized statement of services in support of its request for attorney's fees. Rule 37(a)(4) provides that if a court grants a motion to compel discovery,

> the court shall, after opportunity for a hearing, require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust....

The bankruptcy court made no final ruling on this motion prior to the entry of judgment on Count II. The Order of September 7, 1983 compelling answers and ordering an itemization of services cannot be construed as either an award or denial of counsel fees. Earl Realty returned to the bankruptcy court after its appeal on the merits of Count II on December 14, 1983 to renew its Rule 37(a)(4) motion, and the

bankruptcy court heard argument on January 18, 1984. Unfortunately, the bankruptcy court ruled simply that "the motion of Earl Realty is denied", without finding whether Commercial Mortgage's opposition to the original motion to compel was substantially justified or whether other circumstances make an award of expenses in favor of Earl Realty unjust.

The court is concerned that Earl Realty failed to obtain a dispositive ruling on its Rule 37(a)(4) motion before filing its notice of appeal and that it also failed to present the issue to this Court on its first appeal. However, this Court is not prepared to hold that Earl Realty has waived its Rule 37(a)(4) motion by these omissions, without first learning the basis for the bankruptcy court's denial of Earl Realty's motion. The portion of the bankruptcy court's Order of May 2, 1984 which relates to Earl Realty's Rule 37(a)(4) motion is therefore remanded to the bankruptcy court in order for the court to make a finding as to whether "the opposition to the motion was substantially justified or ... [whether] other circumstances make an award of expenses unjust," as required by Rule 37(a)(4).