

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2003

# In Re Nicola

Precedential or Non-Precedential: Non-Precedential

Docket 02-2124

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re Nicola " (2003). *2003 Decisions.* Paper 750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2124

———————

IN RE:

P. JOSEPH NICOLA,

Debtor

DAVID PISCITELLI

v.

STEVEN B. MIROW

FREDERIC BAKER, ESQ.;
FREDERICK L. REIGLE, ESQ.,

Trustees

David Piscitelli, Creditor,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-02448)

District Court Judge: Mary A. McLaughlin

———————

Submitted Under Third Circuit LAR 34.1(a)

February 10, 2002

Before: ALITO and McKEE, <u>Circuit Judges</u>, and SCHWARZER, <u>District Judge</u>.[*]

(Opinion Filed:   March 11, 2003)

<u>PER CURIAM:</u>

OPINION OF THE COURT

Appellant David Piscitelli ("Piscitelli") appeals an order of the United States District Court for the Eastern District of Pennsylvania ("District Court") reversing three orders issued by the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") and vacating the Bankruptcy Court's award of sanctions against P. Joseph Nicola ("Nicola") and Steven Mirow ("Mirow").  For the reasons stated below, we affirm the judgment of the District Court.

I.

On October 8, 1993, Piscitelli filed suit against Nicola in New Jersey state court, claiming that Nicola "defrauded Piscitelli out of approximately $600,000.00 in a 'gypsy scam.'"  Brief for Piscitelli at 2.  On July 8, 1999, Nicola petitioned for relief pursuant to Chapter 13 of the Bankruptcy Code, seeking to obtain a stay of the state court litigation. On May 25, 2000, Piscitelli filed a motion to dismiss Nicola's petition pursuant to 11 U.S.C. § 1307(c), contending that Nicola had filed his petition in bad faith.

[*]The Honorable William Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

2

On July 19, 2000, the Bankruptcy Court dismissed Nicola's petition with prejudice, finding that Nicola had filed his petition in bad faith. On July 31, 2000, Nicola moved for an extension of time in which to file a motion to reconsider the dismissal of his petition. On August 4, 2000, Piscitelli filed a motion for sanctions against Nicola and Nicola's attorney, Mirow. On August 16, 2000, the Bankruptcy Court denied Nicola's motion for an extension of time. In an order dated January 26, 2001, the Bankruptcy Court imposed monetary sanctions upon Nicola and Mirow pursuant to its inherent powers. On February 5, 2001, Nicola filed a motion to reconsider the January 26, 2001 order. The Bankruptcy Court denied Nicola's motion on March 22, 2001. On April 18, 2001, the Bankruptcy Court liquidated the monetary sanction it imposed on Nicola and Mirow, making Nicola and Mirow jointly and severally liable to Piscitelli in the amount of $22,142.87.

On April 24, 2001, Nicola appealed the Bankruptcy Court's April 18, 2001 order to the District Court. In an order dated December 14, 2001, the District Court vacated the Bankruptcy Court's award of sanctions against Nicola and Mirow, and reversed the Bankruptcy Court's orders of January 26, 2001, March 22, 2001, and April 18, 2001. The District Court reasoned that "[i]n this Circuit, motions for sanctions must be filed before the entry of final judgment." App. I at 6. The Bankruptcy Court's dismissal of Nicola's petition became final ten days after its entry. See Fed. R. Bankr. P. 8002. Since Piscitelli filed his motion for sanctions more than ten days after the Bankruptcy Court's dismissal of Nicola's petition, Piscitelli's motion for sanctions was untimely.

Piscitelli filed a motion seeking reconsideration of the District Court's December

3

17, 2001 order. The District Court denied Piscitelli's motion on April 5, 2002. Piscitelli now appeals the District Court's December 17, 2001 order and the District Court's denial of his motion for reconsideration. On appeal, Piscitelli argues that the District Court erred in holding that Piscitelli's motion for sanctions was untimely. Accordingly, Piscitelli contends, the District Court's order vacating the sanctions against Nicola and Mirow, and its denial of Piscitelli's motion for reconsideration, should be reversed.

II.

In reviewing a District Court's disposition of an appeal from a Bankruptcy Court, we review the Bankruptcy Court's decision using the standard that it was appropriate for the District Court to apply. See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981). We review the Bankruptcy Court's award of sanctions for abuse of discretion. See Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994).

In Pensiero v. Lingle, 847 F.2d 90 (3d Cir. 1988), we crafted the supervisory rule that a litigant must make a motion for sanctions prior to the entry of final judgment by the trial court where the allegedly sanctionable conduct occurred before the final judgment. In Pensiero, the plaintiff filed suit against the defendant, alleging various antitrust violations. The District Court granted summary judgment to the defendant, and the plaintiff appealed. While the plaintiff's appeal was pending, the defendant moved for sanctions against the plaintiff pursuant to Fed. R. Civ. P. 11. The District Court awarded sanctions against the plaintiff, and the plaintiff appealed.

On appeal, we reversed on the ground that the defendant was required to make its

4

motion for sanctions prior to the entry of a final judgment. We recognized that in West v. Keve, 721 F.2d 91 (3d Cir. 1983), we concluded that a plaintiff was permitted to file a motion for attorneys' fees in a civil rights action after the action had gone to final judgment. However, we observed that the policy considerations underlying our decision in West were not present in the case at bar.

The plaintiff in West sought attorneys' fees pursuant to 42 U.S.C. § 1988(b), which permits trial courts adjudicating civil rights actions to "allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Accordingly, the District Court was only permitted to award attorneys' fees to the plaintiff if the plaintiff prevailed in the litigation. If the District Court were required to rule on the merits of the plaintiff's claims and his request for attorneys' fees simultaneously, the following situation might arise: the plaintiff might appeal the District Court's order; the Court of Appeals might reverse on the merits; and the District Court's award of attorneys' fees might thus become moot. It was therefore best to permit the District Court to adjudicate the merits of the plaintiff's claims, allow the litigants to appeal the District Court's decision on the merits if they saw fit, and then permit the District Court to award attorneys' fees to the prevailing party.

An order of sanctions pursuant to Rule 11, we reasoned, is distinct from an order awarding attorneys' fees pursuant to Section 1988 in three respects. First, "[a] petition for statutory counsel fees routinely requests payment for relevant services performed during the whole course of the litigation." Pensiero, 847 F.2d at 98. By contrast, monetary

5

sanctions under Fed. R. Civ. P. 11 "ordinarily will not include compensation for the entire case, but only for expenses generated by the Rule violation." Id. at 99. Second, "[p]romptness in filing [a] valid [Rule 11] motion[] will serve to . . . deter further violations of Rule 11 which might otherwise occur during the remainder of the litigation." Id. Section 1988, however, does not serve a deterrent purpose of that variety. Finally, a trial court is best suited to rule on the propriety of conduct challenged in a Rule 11 motion at or near the time such conduct occurs, rather than later on, when the court's memory of the conduct at issue may have faded. Id. Thus, it is prudent to compel litigants to move for sanctions during – rather than after – the proceedings in the trial court.

In sum, in the context of Rule 11 sanctions, the judiciary's interest in preventing piecemeal appeals outweighs any reservations about compelling District Courts to rule on attorneys' fees issues that may later become moot. Accordingly, we found it appropriate to promulgate the supervisory rule that "all motions requesting Rule 11 sanctions [must] be filed in the district court before the entry of final judgment" where such motions arise out of conduct that occurred prior to the final judgment. Id. at 100. See also Simmerman, 27 F.3d at 60 (reaching the analogous conclusion that a District Court wishing to impose Rule 11 sanctions sua sponte must do so prior to or contemporaneously with its entry of final judgment). Later, in Prosser v. Prosser, 186 F.3d 403 (3d Cir. 1999), we extended the Pensiero rule to sanctions awarded – like the ones at issue here – pursuant to a trial court's inherent powers. See Prosser, 186 F.3d at 406.

It is clear that the justifications for the Pensiero supervisory rule apply to sanction

6

orders issued by Bankruptcy Courts as well as those entered by District Courts. There is no reason why a timely motion for sanctions filed in a Bankruptcy Court might lack the deterrent effect that such a motion would have when filed in a District Court. Moreover, the concern with preventing piecemeal appeals is just as compelling in the context of appeals from Bankruptcy Court decisions as it is in the case of appeals from District Court orders. Accordingly, we hold that the <u>Pensiero</u> supervisory rule requiring motions for sanctions to be filed prior to the entry of final judgment in the trial court applies to Bankruptcy Court proceedings.

Piscitelli acknowledges both that the <u>Pensiero</u> rule is applicable to Bankruptcy Court proceedings, and that he filed his motion for sanctions after the Bankruptcy Court had already dismissed Nicola's Chapter 13 petition. Piscitelli argues for three reasons, however, that the policy considerations underlying the <u>Pensiero</u> rule are not applicable to this particular case. First, Piscitelli contends that since Nicola did not appeal the dismissal of his petition, this case does not implicate our concern with preventing piecemeal appeals. Second, Piscitelli maintains that Nicola consented to the continuing jurisdiction of the Bankruptcy Court by filing a motion seeking an extension of time. Finally, Piscitelli argues that the bad faith necessary to warrant an award of sanctions was not "established" until the Bankruptcy Court dismissed Nicola's petition based on his filing of that document in bad faith. We cannot agree.

Piscitelli first argues that Nicola's failure to appeal the Bankruptcy Court's dismissal of his petition renders the policy against permitting piecemeal appeals

7

inapplicable to this case. In Piscitelli's view, if a trial court adjudicates an action on the merits and the losing party does not appeal, it is appropriate for a litigant to move for sanctions following the entry of final judgment. Piscitelli's position, however, would not serve the objective of ensuring the timely filing of motions for sanctions. As noted above, ensuring that litigants file such motions prior to the entry of final judgment is important because it (1) ensures that the trial court will have the alleged misconduct fresh in its mind and (2) serves to deter similar misconduct later in the proceeding. It is true that, as Piscitelli points out, he filed his motion for sanctions only six days after the order dismissing Nicola's petition became final. As noted above, the District Court dismissed Nicola's Chapter 13 petition on July 19, 2000; the dismissal became final ten days after its entry, see Fed. R. Bankr. Proc. 8002; and Piscitelli filed his motion for sanctions on August 4, 2000. We would create additional uncertainty and litigation, however, by crafting an exception to the Pensiero doctrine applicable where a de minimis period of time has elapsed since the entry of final judgment. Moreover, permitting the filing of sanctions motions after the entry of final judgment would ill serve the goal of deterring subsequent misconduct, regardless of how long litigants choose to wait after final judgments to file their motions for sanctions.

Second, Piscitelli contends that Nicola consented to the continuing jurisdiction of the Bankruptcy Court by filing his motion for an extension of time. However, the issue here – as in Pensiero – is not whether the Bankruptcy Court had jurisdiction to award sanctions against Nicola and Mirow, but rather whether the prudential considerations

8

underlying the Pensiero rule require that award to be vacated. See Pensiero, 847 F.2d at 98-100 (holding that the District Court had jurisdiction to award Rule 11 sanctions following the entry of a final judgment, but concluding that the award was inappropriate for independent prudential reasons). Accordingly, Piscitelli's argument does not diminish our agreement with the District Court's decision.

Piscitelli finally argues that he could not have filed his motion for sanctions until the Bankruptcy Court entered its order dismissing Nicola's petition, because "[t]he Bankruptcy Court could not have awarded sanctions to Piscitelli until after the requisite finding of bad faith." Brief for Piscitelli at 24. Piscitelli is correct that "a finding of bad faith is required to support a court's employment of its inherent sanction power." Fellheimer, Eichen & Braverman v. Charter Technologies, 57 F.3d 1215, 1227 (3d Cir. 1995). Had Piscitelli moved for sanctions prior to the Bankruptcy Court's dismissal of Nicola's petition, however, the Bankruptcy Court would have been required to determine whether Nicola had filed his petition in bad faith. Piscitelli was thus not required to wait until the Bankruptcy Court had dismissed Nicola's Chapter 13 petition to file his motion for sanctions. Cf. Fed. R. Bankr. P. 9011 (providing that a motion for sanctions may not be filed unless the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or corrected within 21 days after service, but exempting bankruptcy petitions filed in violation of subdivision (b)).

For the foregoing reasons, we conclude that the District Court correctly held that the Bankruptcy Court's award of sanctions against Nicola and Mirow was inconsistent with

9

the sound exercise of discretion.  Accordingly, we affirm the District Court's order vacating the award of sanctions and reversing the Bankruptcy Court's orders of January 26, 2001, March 22, 2001, and April 18, 2001.

## III.

Piscitelli next argues that the District Court erred in denying his motion to reconsider its December 17, 2001 order.  We review the District Court's decision to deny Piscitelli's motion for reconsideration for an abuse of discretion.  See Bushman v. Halm, 798 F.2d 651, 656 n.9 (3d Cir. 1986).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Piscitelli does not allege that any newly discovered evidence required the reconsideration of the District Court's December 17, 2001 order.  Instead, he contends that the District Court committed a manifest error of law when it failed to take into account the severity of Nicola's and Mirow's misconduct.  However, there is no binding authority for the proposition that the severity of a sanctioned party's misconduct affects the question whether a motion for sanctions must be filed prior to the entry of final judgment under Pensiero.  Accordingly, we affirm the District Court's denial of Piscitelli's motion for reconsideration.

## IV.

For the reasons stated above, we affirm the judgment of the District Court in all

10

respects.