**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3857
_____

RENE D. EDWARDS,
                                        Appellant

v.

COMMISSIONER GARY M. LANIGAN; SCO FRANCHETTE
(FNU);  SGT.  BRAINARD, (FNU); SCO WILLIAMS (FNU); SERGEANT JOYNER
(FNU); LIEUTENTANT JOEL TAYLOR; SCO DONNA SCOTT; SCO I. SAMPSON;
WARDEN/ADMINISTRATOR CHRISTOPHER HOLMES, Warden/Administrator,
individually, and in their official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 13-cv-00214)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2020

Before: AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed September 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant René D. Edwards appeals the denial of four post-judgment motions. For the reasons that follow, we will affirm the District Court's judgment.

In January 2013, Edwards initiated a civil rights lawsuit alleging that New Jersey State prison officials and administrators violated his constitutional rights regarding an incident where Edwards was assaulted by his cellmate at South Woods State Prison. The defendants moved for summary judgment, arguing, among other things, that Edwards had failed to exhaust the prison's administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997(e). By order entered on April 27, 2018, the District Court granted the defendants' motion, concluding that Edwards had failed to exhaust administrative remedies prior to filing his complaint.

Edwards appealed the judgment on December 11, 2018, and we dismissed the appeal as untimely on May 1, 2019. On June 11, 2019, Edwards filed in the closed District Court proceedings a motion under Federal Rule of Civil Procedure 60(b) seeking relief from the District Court's grant of summary judgment. Edwards also filed a motion requesting the presiding Judge's recusal and two motions requesting oral argument and trial. The District Court denied the motions in a single order, and Edwards timely appealed.

We have appellate jurisdiction because the order appealed is a "final decision" under 28 U.S.C. § 1291. See Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 149–50 (3d Cir. 1993). We review for abuse of discretion the District Court's denial of Edwards' Rule 60(b) motion, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008), as well as his other motions, see Securacomm Consulting, Inc. v.

2

Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (denial of recusal motion); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (denial of reconsideration motion). "The district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012).

The District Court's denial of Edwards' Rule 60(b) motion was not an abuse of discretion. Motions under Rule 60(b) must be made within one year of the entry of judgment for certain enumerated grounds for relief or, otherwise, "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A movant seeking relief under Rule 60(b) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Edwards' motion was filed over one year after the April 27, 2018 judgment, and, despite being made soon after our dismissal of Edwards' appeal, it was not filed within a reasonable time. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (explaining that the plaintiffs' Rule 60(b) motion was not made within a reasonable time even though the plaintiffs had brought their motion six weeks after the district court's judgment on remand from the Third Circuit because the motion was filed almost two years after the district court's initial judgment and "the reason for the attack upon that judgment was available for attack upon the original judgment").

Even if Edwards' Rule 60(b) motion were to be considered timely, he failed to provide a meritorious basis for overturning the summary judgment ruling. Edwards'

3

claim that the District Court reached the wrong conclusion in determining that he had failed to exhaust his administrative remedies did not warrant relief under Rule 60(b). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (holding that a Rule 60(b) motion may not be used as a substitute for an appeal, and legal error, without more, does not warrant relief under that provision). Additionally, Edwards' request to reopen the time to appeal was not properly made under Rule 60(b). See West v. Keve, 721 F.2d 91, 97 (3d Cir. 1983) (holding that Rule 60(b) "cannot be used as a means of avoiding dismissal for want of a timely appeal"); see also Poole v. Family Court of New Castle Cty., 368 F.3d 263, 266 (3d Cir. 2004).

Even if Edwards' motion were to be construed as a motion to extend or to reopen the time to appeal under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6), the motion was untimely. Edwards stated that he never received notice of the April 27, 2018 judgment.[1] He filed his motion on June 11, 2019. Thus, Edwards failed to make the motion "within 30 days after the prescribed time" to file a notice of appeal had expired, see Fed. R. App. P. 4(a)(5), or "within 180 days after the judgement or order [was] entered," Fed. R. App. P. 4(a)(6).

Additionally, we find no abuse of discretion on the part of the District Court in denying Edwards' recusal motion. Edwards did not allege any facts that would show a

---

[1] We note that Edwards has not supported this claim, and we observe that he must have received notice of the District Court's judgment at some point because he appealed the judgment on December 11, 2018. However, even assuming that Edwards received notice on December 11, 2018, his motion was untimely filed under both Rule 4(a)(5) and Rule 4(a)(6).

4

personal bias on the part of the District Court Judge or that the Judge's impartiality might reasonably be questioned. See 28 U.S.C. §§ 144, 455. His disagreement with the Judge's legal rulings is an insufficient basis for recusal. See Securacomm Consulting, 224 F.3d at 278.

Finally, the District Court did not abuse its discretion in denying Edwards' motions to hold oral argument and a trial because neither motion made meritorious arguments or otherwise met the requirements under Federal Rules of Civil Procedure 59(e) or 60(b). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (describing the grounds for a motion for reconsideration under Rule 59(e)); Budget Blinds, 536 F.3d at 251 (3d Cir. 2008) (describing same under Rule 60(b)); see also In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1988) (explaining that "matters of docket control . . . are committed to the sound discretion of the district court").

For the above reasons, we will affirm the District Court's judgment.