

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-1999

# Prosser v. Prosser

Precedential or Non-Precedential:

Docket 98-7607

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Prosser v. Prosser" (1999). *1999 Decisions.* Paper 223.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 98-7607 and 98-7610

JEFFREY J. PROSSER,
        Appellant, 98-7607

v.

MARGARET S. PROSSER

JEFFREY J. PROSSER

v.

MARGARET S. PROSSER

KEVIN A. RAMES,
        Appellant, 98-7610

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. Nos. 96-cv-00029 and 95-cv-00095)
District Judge: Raymond L. Finch

SUBMITTED: April 15, 1999

BEFORE: NYGAARD, McKEE, and RENDELL,
Circuit Judges.

(Filed: July 30, 1999)

Kevin A. Rames, Esq. 2111
Company Street, Suite 3
Christiansted, St. Croix
USVI, 00820
Attorney for Appellant, 98-7607

Paul J. Ruskin, Esq.
72-08 243rd Street
Douglaston, NY 11363
Attorney for Appellant, 98-7610

OPINION OF THE COURT

NYGAARD, Circuit Judge.

The issue in this case is whether District Court of the Virgin Islands, Appellate Division erred by ordering sanctions against a party and his attorney thirty months after it entered a final order. The Appellate Division had jurisdiction over the appeal from the decision of the Virgin Islands Territorial Court under V.I. Code Ann. tit. 4, S 33. We have jurisdiction over the appeal of the final order of the Appellate Division under 48 U.S.C. S 1613a(c). We conclude that the Appellate Division erred and will reverse.

I. Background

In 1989, Jeffrey Prosser sued for divorce from his wife Margaret Prosser in the Territorial Court of the Virgin Islands. The Prossers negotiated a settlement agreement, which was approved by the court. On March 22, 1990, the court entered a Final Decree of Divorce into which the written property settlement agreement was merged.

Jeffrey failed to make a $2,500,000 payment as required by the divorce decree. Thereafter, Margaret filed a Praecipe requesting that the Territorial Court issue a Writ of Execution for the entire amount, plus interest. See V.I. Code Ann. tit. 5, S 471 (authorizing the issuance of writs of execution by the Territorial Court). The Territorial Court issued the writ. Jeffrey filed a motion to vacate the writ of execution, which the Territorial Court denied. Jeffrey then

2

appealed to the District Court of the Virgin Islands, Appellate Division.

On April 18, 1996, the Appellate Division denied Jeffrey's appeal. Finding that the appeal lacked merit, the court noted that it was considering awarding fees and costs to Margaret under Federal Rule of Appellate Procedure 38 (as to Jeffrey) and 28 U.S.C. S 1927 (as to Jeffrey's counsel, Kevin Rames), and asked for additional briefing on the issues. Soon thereafter, however, the Prossers settled the case, and Jeffrey paid Margaret the $2,500,000, plus all interest, costs, and attorney's fees.

On November 4, 1998, more than two and a half years after its final order, the Appellate Division issued a Memorandum Opinion and Order fining Jeffrey $20,000 and Rames $5000 in the nature of a sanction, relying on the court's inherent power to punish litigants and their attorneys for abuse of process. Jeffrey and Rames appealed.1

We review the Appellate Division's sanction award for abuse of discretion. See Chambers v. NASCO, Inc., 501 U.S. 32, 55, 111 S. Ct. 2123, 2138 (1991). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." In re Tutu Wells Contamination Litig., 120 F.3d 368, 387 (3d Cir. 1997) (citations omitted).

II. Discussion

A. Timing

As noted above, the Appellate Division invoked its inherent power2 to impose the sanctions on Jeffrey and his counsel approximately thirty months after rendering its

_____

1. As part of the settlement agreement, Margaret agreed to take no position on sanctions and she did not participate in this appeal.

2. In its Memorandum Opinion, the Appellate Division stated that it was only relying on its inherent power "to the extent that [its] authority under Rule 38 and section 1927 need[ed] supplementation." However, as noted in Part I.B., neither Rule 38 nor section 1927 supplied the necessary authority for the type of sanctions issued in this case.

3

final decision on the merits. Our precedent concerning Rule 11 sanctions helps guide our review here. In Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 92 (3d Cir. 1988), we adopted a supervisory rule requiring parties tofile all motions for Rule 11 sanctions before entry of the court's final order. See also Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1413 (3d Cir. 1991); Hilmon Co. v. Hyatt Int'l, 899 F.2d 250, 251 n.1 (3d Cir. 1990).

We extended this rule to apply to courts considering Rule 11 sanctions in Simmerman v. Corino, 27 F.3d 58 (3d Cir. 1994). In Simmerman, we reversed the district court's sua sponte imposition of Rule 11 sanctions because the order was issued three months after the entry of the final order. Following the logic of Pensiero, we held that a district court should raise and resolve sua sponte Rule 11 sanctions issues "prior to or concurrent with its resolution of the merits of the case." Id. at 63. We opined that such a rule would not greatly increase the burdens faced by the district courts because the dictates of due process "should not necessitate prolonged consideration in the district court" to assess sanctions once a violation has been established. Id. (quoting Pensiero, 847 F.2d at 99). We also noted the beneficial impact that such a rule would have on judicial resources:

> In the district court, resolution of the issue before the inevitable delay of the appellate process will be more efficient because of current familiarity with the matter. Similarly, concurrent consideration of challenges to the merits and the imposition of sanctions avoids the invariable demand on two separate appellate panels to acquaint themselves with the underlying facts and the parties' respective legal positions.

Id. (quoting Pensiero, 847 F.2d at 99).

We continued:

> [t]here is no reason why prompt action should be required of an opposing party and yet not similarly required of the court. At the time that the court decided the motions for summary judgment and dismissal, it had before it the identical information that it relied upon three months later in imposing the

4

> sanctions. Nothing was to be gained by delay. If sanctions had truly been appropriate, the court should have imposed them at that time. Their imposition three months later was an abuse of discretion.

Id. at 63-64 (footnote omitted).

We see no reason to limit the logic of Simmerman to sua sponte Rule 11 sanctions.3 See Langer v. Presbyterian Med. Ctr., 1995 WL 395937, *3 (E.D. Pa. July 3, 1995) (relying on Simmerman and Pensiero to vacate court's own tardy award of attorney's fees under Federal Rule of Civil Procedure 26(g) and section 1927). The interests of judicial efficiency, timeliness, and notice are no different when imposing sanctions under the court's inherent power. At the time of its final order on the merits, the Appellate Division possessed the same evidence of the conduct that it had when it issued its sanction order two and a half years later. The same rationale that supported the invalidation of the Rule 11 sanction entered three months after thefinal order in Simmerman supports the invalidation of the inherent power sanction here, which was entered over thirty months after the final order.

Sanctions ideally operate as instructional tools to deter parties and attorneys whose conduct has not met the requisite professional standards from continuing on their wayward course of conduct. This exemplary function is ill served when sanctions are delayed. During the course of a delay, memories can fade and, importantly, attorneys and parties may continue to misbehave because they do not have the benefit of disciplinary guidance from the court.4 If

_____

3. Certainly, a court retains its power to sanction under its inherent power for abuses which occur or are discovered after the entry of the final order. See Chambers, 501 U.S. at 56, 111 S. Ct. at 2138-39 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S. Ct. 2447, 2455-56 (1990), for the proposition that sanctions, even under Rule 11, may properly be imposed years after the final judgment on the merits).
4. Although we need not address the merits of the sanctions here, we feel the need to remind the Appellate Division that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44, 111 S. Ct. at 2132. A court cannot be motivated by vindictiveness or retribution when issuing sanctions. Indeed, courts must fight the temptation to find all losing arguments frivolous, and should only award sanctions in cases in which they are clearly justified.

5

sanctions based on the court's inherent power were truly appropriate in this case, the Appellate Division should have imposed them when it issued its final order. The Appellate Division's order will be reversed.

B. Particularized Notice

Although the timeliness issue is dispositive, we feel that to fulfill our instructional function it is incumbent on us to comment upon another troubling aspect of the Appellate Division's sanctions order. Fundamental fairness and the established law of this circuit require that a court afford the parties due process by giving them notice and opportunity to be heard before imposing sanctions or awarding damages. See  Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir. 1990). "The party against whom sanctions are being considered is entitled to notice of the legal rule on which the sanctions would be based, the reasons for the sanctions, and the form of the potential sanctions." In re Tutu Wells, 120 F.3d at 379 (citing Simmerman, 27 F.3d at 64). Here, the notice given by the Appellate Division was insufficient because the parties were not on notice that the sanctions would be based on the court's inherent power, nor were they warned of the possibility that the sanction might be in the form of a fine payable to the court.

Due process requires that the parties have sufficient notice of the form of the sanctions being considered by the court because the issues that must be addressed may differ depending on the form. See id. at 380 (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987) (per curiam)). The sanction imposed by the Appellate Division was in the nature of a monetary fine payable to the court. Although a court may impose a fine under its inherent power, see id. at 383, neither Jeffrey nor Rames had been given any notice that the court was considering this type of sanction. As to Jeffrey, the Appellate Division indicated in its original order that it was only considering awarding costs and fees to Margaret as damages under Federal Rule of Appellate Procedure 38.5 In Rames's case, the court indicated only

_____

5. Rule 38 states:

6

that it was considering sanctions under section 1927 6 for excess costs. Instead, the court imposed a $20,000fine against Jeffrey and a $5000 fine against Rames.

Moreover, the sanction imposed, a monetary fine payable to the court, is not an allowable remedy under either section 1927 or Rule 38. Under section 1927, courts may order attorneys to personally satisfy "the excess costs, expenses, and attorneys' fees."7 Section 1927 does not, however, allow courts to impose a fine without articulating a basis for the amount. Like Rule 38, section 1927 only allows the court to award costs and attorney fees payable to the opposing party, not payable to the court. See Laitram Corp. v. Cambridge Wire Cloth Co., 919 F.2d 1579, 1584 (Fed. Cir. 1990).

Rule 38 is even more clear. It does not provide for sanctions at all. It allows one who has sufferedfinancial detriment from having to defend a legitimate judgment

_____

> If a court of appeals determines that an appeal is frivolous, it may,
> after a separately filed motion or notice from the court and
> reasonable opportunity to respond, award just damages and single
> or double costs to the appellee.

Fed. R. App. P. 38 (emphasis added).

6. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court
> of the United States or any Territory thereof who so multiplies the
> proceedings in any case unreasonably and vexatiously may be
> required by the court to satisfy personally the excess costs,
> expenses, and attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C. S 1927.

7. The Appellate Division couched its sanction in terms of the "harm to the judicial system." This is not the type of harm Congress intended to address through section 1927. The "excess costs" allowable as a sanction under 1927 are limited to those costs enumerated under 28 U.S.C. S 1920. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 757–59, 100 S. Ct. 2455, 2459–62 (1980). Under section 1920, excess costs do not include fines for "harm done to the judicial system" as relied upon by the Appellate Division.

against a frivolous appeal, to recover fees and costs as "damages." Moreover, the text of Rule 38 itself limits the award of damages to the financially injured party, not the court.

III. Conclusion

In sum, the Appellate Division, by entering a sanctions order approximately two and a half years after itsfinal order, by imposing a monetary fine payable to the court, which is not an allowable remedy under either section 1927 or Rule 38, and by failing to inform the parties of its intention to use its inherent power, erred. Hence, we will reverse its order of November 4, 1998.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

8