**Marcia SATTERLEE, as Administrator the Estate of Cathleen Trojan, Appellant,**

v.

**NORTHSIDE DEVELOPERS, INC.,** Dorothea Village Condominium Association, Evelyn McLaughlin, Monique McLaughlin, Michele McLaughlin, Claude Blanchard, Christine A. Garrett–Davis, Lueben L. Davis, Colville C. Lewis, and Edna M. Lewis, **Appellees.**

Civ.A. Nos. 1999/069, 480/1998.

District Court, Virgin Islands,
Appellate Division,
D. St. Croix.

Considered: April 4, 2003.
Filed: May 15, 2003.

Chad C. Messer, Brian M. Castro, St. Thomas, VI, for Appellant.

Monique McLaughlin, Edward Parson, St. Thomas, VI, for Appellees.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands, and BRENDA J. HOLLAR, Judge of the Territorial Court, Sitting by Designation.[1]

### *MEMORANDUM OPINION*

PER CURIAM.

Appellant challenges the propriety of sanctions imposed by the trial court, pursuant to Federal Rule of Civil Procedure 11, and the procedures used in imposing the same. The following issues are raised on appeal:

1. Whether the trial court imposed sanctions without due process and in violation of the 14th Amendment; and

2. Whether the court erred in characterizing the appellant's complaint as frivolous and sanctionable.

The sanctions order did not comport with due process or with the requirements of the rule and must, therefore, be vacated and this case remanded to the trial court for further consideration consistent with this opinion.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Cathleen Trojan ("Trojan") gained ownership interest in a condominium unit at the Dorothea Village Condominium as part of a 1993 settlement agreement with the purchaser, Michael Shillingford ("Shillingford"). [Joint Appendix ("J.A.") at 42–46, 91–96]. That settlement was part of a separate civil action, in which Shillingford was alleged to have purchased the condominium property, from Northside Developers, Inc., with proceeds from antiques stolen from Trojan. [*Id.*] The assignment of the condominium was made in partial restitution for the value of the stolen goods, which had been sold. [Appellant's Br. at 5; J.A. at 42]. Following her death in 1996, Trojan's interest passed to her estate. Appellant Marcia Satterlee ("Satterlee", "Appellant"), as representative of that estate, subsequently attempted to sell the

---

1. The Honorable BRENDA J. HOLLAR was re- cused from hearing the instant appeal.

condominium unit to recoup money from the stolen antiques for the benefit of the estate. [J.A. at 42–47, 51]. However, Satterlee maintains that plans to sell the unit were stymied by the Dorothea Village Condominium Association's ("the association") unwillingness to issue certification of clear title—or a "clean condo letter"—after repeated requests, and the estate's resulting inability to convey marketable title. [*Id.*] To complicate matters, the association on August 14, 1998 also served the estate with a demand for payment of $4,683.51 in past due insurance and assessment costs, and ordered prompt payment under threat of a lien. [J.A. at 72].

Satterlee brought the underlying action on June 18, 1998 to enforce the estate's ownership interest, after being unable to secure a certification of clear title from the condominium association. The complaint sought declaratory judgment regarding the parties' respective obligation for the past due assessments which were levied against the estate and also claimed breach of the contractual agreement under which Shillingford purchased the condominium unit. [J.A. at 48–52]. That complaint named Northside Developers, Inc. and the association, as well as its individual members (collectively, "appellees"), as defendants. One of those defendants, Monique McLaughlin ("McLaughlin", "Appellee"), filed a motion to dismiss and for summary judgment, claiming there was no basis for individual liability. In that motion, filed on July 8, 1998, McLaughlin also sought $2,500 in fees and costs. [J.A. at 83]. On December 11, 1998, following oral argument on that motion, the trial court granted the motion to dismiss, without prejudice, as to all of the individual defendants, holding the complaint had been filed without any basis in fact or law. [J.A. at 27–28]. The court made it clear, however, that the complaint could be refiled if the appellant corrected the filing deficiencies by clarifying the basis for imposing liability on the individual defendants. [*Id.*] On that same day, McLaughlin filed a motion and affidavit seeking $7,300 in attorney's fees and costs, which appellant now asserts was never served to afford her an opportunity to respond. [J.A. at 5–6]. In a one-page order dated January 13, 1999, the trial court concluded the complaint was frivolous, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, and granted McLaughlin's request for attorney's fees and costs totaling $7,300. [J.A. at 4]. The Court also denied the appellant's motion for reconsideration of the dismissal. Satterlee filed an appeal from the sanctions order, while continuing to pursue her claim against the corporate defendants.

Subsequent to the filing of this appeal, the association paid the disputed assessments which were the subject of the original action for declaratory relief, permitting appellant to convey the property with clear title. In short, appellant got the relief which the action was intended to secure. Having obtained the relief sought, appellant thereafter voluntarily dismissed the entire action as to all defendants. On appeal, this Court *sua sponte* questioned whether it had jurisdiction to consider this case, apparently because of the ongoing litigation, and accorded the parties an opportunity to brief the issue. Those briefs were filed. However, after the appellant voluntary dismissed the action below, this Court entered an order in which it deemed the jurisdictional issue moot.

## II. DISCUSSION

Satterlee argues the trial court erred in finding her complaint frivolous and imposing sanctions without first affording constitutional and procedural due process.

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to consider this appeal, pursuant to title 4, section 33 of the Virgin Islands Code. On appeal, the trial court's imposition of Rule 11 sanctions is reviewed for abuse of discretion. *See, Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (clarifying disagreement among circuits regarding appropriate standard of review for such cases); *see, also, Prosser v. Prosser,* 186 F.3d 403, 405 (3d Cir.1999) (citation omitted). Because the appellant also raises a constitutional claim, however, our review in that regard is plenary. *See, Martin v. Brown,* 63 F.3d 1252, 1262 (3d Cir.1995).

### B. Whether the Trial Court Failed to Afford Due Process Before Imposing Sanctions.

#### 1. Rule 11 and Due Process Considerations

Appellant first argues the trial court imposed sanctions without notice and an opportunity to be heard, in derogation of her right to due process.[2] In filings with this Court, the appellee asserts that the fee award was actually one made pursuant to title 5, section 541 of the Virgin Islands Code, which permits such awards to the prevailing party, and not under Rule 11.[3] The appellee's contention is not borne out by the plain language of the trial court's order or the record. Indeed, although appellee moved for fees and costs pursuant to section 541, the trial court specifically designated the award as a sanction under Rule 11, providing, in pertinent part:

> On December 11, 1998, the Court granted Defendant's Motion to Dismiss finding that allegations in Plaintiff's complaint lacked any evidentiary support sufficient to sustain Plaintiff's action. Consequently, Defendant has filed this motion to recover incurred costs and attorney fees in the amount of $7,300.
>
> In dismissing Plaintiff's action, the Court recognized that Plaintiff never had any valid grounds for suing Defendant. As such, the Court found that Plaintiff's complaint was frivolous pursuant to Fed. R.Civ.P. 11. In light of this finding, and in accordance with Fed.R.Civ.P. 11(c)(2), it is hereby
>
> ORDERED that Defendant Monique McLaughlin *shall recover from Plaintiff*

costs incurred and attorney's fees in the amount of $7,300.00.

[J.A. at 4] (emphasis added). There can, therefore, be no question that the award lies in Rule 11, and this Court will review the appeal accordingly.

■ The federal rules require reasonable inquiry into the facts and law prior to filing pleadings with the court, to ensure that there exists a good faith basis for such claims. *See,* FED. R. CIV. P. 11(b). This requirement is aimed at ensuring that representations filed with the court are grounded in fact and existing law, or based on non-frivolous arguments for the extension thereof. *Id.* at 11(b)(1–3). Based on the policy of deterring abuse of judicial processes, the rules further vest discretion in the court to sanction a litigant, attorney or firm for violations of Rule 11's standards.[4] *See, United States Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 393 (3d Cir.2002). In that regard, the rule provides:

> *If, after notice and a reasonable opportunity to respond,* the court determines that subdivision (b) has been violated, the court may, *subject to the conditions stated below,* impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

FED. R. CIV. P. 11(c) (emphasis added). Hence, a due process requirement, mirroring constitutional standards, has been engrafted in the rule. *Compare, Mathews v. Eldridge,* 424 U.S. 319, 348–49, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (due process requires not just a mere opportunity to be heard; rather, such opportunity must be "meaningful"). In

---

**2.** At the outset, we must resolve any questions regarding the scope of this appeal. Appellee appears to be laboring under a continued misapprehension that this appeal is from the December 11, 1998 order dismissing the individual claims without prejudice. As a result, appellee grounded much of her arguments and supporting authorities on that erroneous premise. However, as Satterlee's statement of the issues and argument make clear—and as this Court has previously attempted to clarify—the scope of this appeal is limited to the January 13, 1999 order imposing sanctions.

**3.** In her brief the appellee also argues that the appellant was afforded due process.

**4.** FED. R. CIV. P. 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a non-monetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

the context of Rule 11, due process "notice" has been judicially construed to require "particularized notice" that sanctions are being considered, the offending *conduct, and the rule on which the court intends to rely. See, Prosser,* 186 F.3d at 406–07; *see, also, Simmerman v. Corino,* 27 F.3d 58, 64–65 (3d Cir.1994). An opportunity to be heard, while not imposing a formal hearing requirement in each instance, requires that an attorney or party be notified of the offending conduct and be afforded an opportunity to defend against it. *See, Martin v. Brown,* 63 F.3d 1252 (3d Cir.1995). In that regard, the rule specifically outlines the procedures to effectuate the notice and hearing requirements of rule 11(c) and specifically conditions the imposition of sanctions on adherence to those standards.

Sanctions may be initiated either by motion, which may be filed with the court only after affording the offending party a 21–day "safe harbor" within which to withdraw the challenged paper. FED. R. CIV. P. 11(c)(1)(A).[5] However, where, as here, the court *sua sponte* contemplates sanctions, then it must provide particularized notice of the challenged conduct and the sanctions contemplated, and must issue a show cause order permitting the offending party an opportunity to mount a defense to deflect such sanctions:

> (B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

FED. R. CIV. P. 11(c)(1)(B). Though stated in directory language, the show cause requirement is generally regarded as mandatory. *See, id.,* advisory committee notes, 1993 amendment; *see, also,* 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE §§ 1336,1337(1990 & Supp.2002).

In the case *sub judice,* the appellee brought a Motion to Dismiss and for Summary Judgment. At the heart of that motion was the appellee's contention that the complaint offered no cognizable claim for which relief was available, as to the individual defendants, and presented no case or controversy as to those defendants. The trial court scheduled a hearing on the motion and heard arguments. At that hearing, the court attempted to have Satterlee's attorney clearly articulate the basis for naming the individual defendants in the complaint:

> THE COURT: Let me just point out to you, while the rule requires liberal interpretation of the pleadings, the pleadings must have at least some factual basis in which it can be liberally interpreted. The court would have expected, in Count II of the complaint, that the parties or the Plaintiff, identify the issue and the position of the parties so that the declaration may be had. To make a statement that an actual controversy exists regarding respective rights and obligation to the taxes, fees, and other monies owed is an insufficient representation of the controversy for which the Court can stay conferences. There's no identification of the controversy. The complaint should have said that Plaintiff paid taxes, fees, and monies owed and due, and the Defendant association refused to issue a letter claiming that they are not paid. Or it would have said that Plaintiff is not responsible and the association claim (sic) that Plaintiff is, and ask the Court to determine who is responsible. This type of sloppy pleading does not advise the Court as to what it should declare.

> ATTORNEY BRUSCH: Your Honor, if that is the case, I would submit that the Court give us an opportunity to replead

---

**5.** (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe,),

the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expense and attorney's fees incurred in presenting or opposing the motion . . . .

FED. R. CIV. P. 11(c)(1)(A).

Count II of the complaint before dismissal of the matter, Your Honor.

THE COURT: I understand, but the question is, how do the individual apartment owners come into play?

ATTORNEY BRUSCH: Well, Your Honor, if a party is unnamed, much like in a foreclosure action with a particular interest in this matter, Your Honor, their particular interest. [sic]. We are not saying here that Miss McLaughlin did anything wrong, and we don't have to say that, Your Honor. We are here on a Rule 19. We have to name a party who is an indispensable party, Your Honor. We want to put the individual condo owners on notice that in fact this litigation is occurring in matters that could affect their interest, Your Honor. So, this is not a situation where we're naming Miss McLaughlin and in effect that she's done something wrong. We have said that she's an owner, we have some issue and some concern that the association is not a properly formulated incorporate [sic] association, Your Honor. But in any event, we believe—

THE COURT: But if you claim that the reason you're suing the individual owners is because the association is not a properly constituted body, then say so.

ATTORNEY BRUSCH: Well, we may have to say so, Your Honor, I agree with the Court. But the fact is, that the reasons why Miss McLaughlin is named as a party is because she's an individual homeowner and has a common interest to the common areas in this association. They're claiming these insurance premiums are not paid and that they have to pay the insurance premiums, and she have gotten notice of this suit, Your Honor.

THE COURT: The Court disagrees.

[J.A. at 22–25]. After inquiring into what the appellant intended to plead, and apparently dissatisfied with counsel's responses,[6] the Court dismissed the complaint as to those defendants but granted appellant leave to amend the complaint to allege the improper formation of the association. [J.A. at 27]. The only mention of Rule 11 was in the colloquy that followed.

THE COURT: I have dismissed Count II as to the individual Defendants without prejudice. If you want to sue them, you may.

ATTORNEY BRUSCH: Your Honor, I'd like to know, Your Honor, who is in charge of the condo association that's been properly formed. I think that remains an issue, Your Honor. I think that's a legitimate issue, who is in charge of it, has been properly formed. Is Miss McLaughlin a part of the condo association?

THE COURT: Rule 11 requires that before you file a pleading like this, that you make sufficient investigation to determine some of the facts in which you make an allegation. Does your investigation determine if you have a claim against the association for improper formation or whatever. But I submit to you that the reading of the declaration of the bylaws indicates one of two things; if it's not the association as now constituted, it may revert back to the sponsor as being the association. So, you may file whatever complaints you may need. As to the Motion to Dismiss by the individual defendants, it is granted.

[J.A. at 27–30]. Thereafter, counsel for the appellee requested attorney's fees and costs and was instructed to file an appropriate motion in support of that request. That motion was subsequently filed, with an accompanying affidavit, requesting attorney's fees and costs of $7,300.[7] [J.A. at 73–83].

---

**6.** Appellant indicated that an amended pleading would include: that there was a dispute regarding who is to pay those taxes, fees, and other monies owed; that the association has not given a clean condo letter; that she is entitled to a clean condo letter, and that appellees' failure to issue that letter has resulted in preventing conveyance of the property. [J.A. 25–27].

**7.** In her motion for summary judgment filed with the court just a few months earlier, McLaughlin requested attorney's fees and costs of just $2,500. The court never conducted a reasonableness analysis to determine whether the requested fees of $7,300 were proper, given the infancy of that case. See, e.g., *Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 89 (3d Cir.1988); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 278 (D.V.I.1981) (citing *Lucerne Investment Co. v. Estate of Belvedere, Inc.*, 411 F.2d 1205 (3rd Cir.1969)).

■ Significantly, neither the appellee's motion to dismiss, nor the court's order setting the hearing, [J.A. at 33], mentioned the possibility of Rule 11 sanctions. Additionally, it is evident from the order setting hearing, the introduction at the hearing, and counsels' arguments, that the scope of that hearing was limited to whether the appellant's claims should survive a motion to dismiss. It would be a strain, indeed, to hold under these facts that the appellant was put on notice that the court was considering sanctions under Rule 11, or that the argument proffered on the motion to dismiss and the court's off-hand reference to Rule 11 at the *conclusion* of that hearing, satisfied due process. McLaughlin's argument that due process was satisfied because the court, in dismissing the claim, afforded leave to amend is also untenable, because that is not what Rule 11 requires. Moreover, the court's dismissal of those claims is not challenged in this appeal.

Even assuming, *arguendo,* that the appellee's request for fees could be regarded as one brought under Rule 11, the sanctions are still not sustainable, because the appellees failed to follow the 21–day safe harbor requirements of Rule 11(c)(1)(A).

### 2. Sanctions Improperly Imposed Against Plaintiff

■ Notwithstanding the above discussion, the court's sanctions order is fatally flawed, as it improperly directed the sanction to the litigant for the conduct of an attorney, as prohibited by the rules.

In its sanctions order, quoted *supra,* the court specifically predicated its sanctions on a finding that the complaint was frivolous, based on its determination that there were never any grounds for an action against the individual appellees. Moreover, the court expressly directed such sanctions to Satterlee, holding her personally responsible for the fee award. Rule 11(b)(2) imposes a duty upon those making representations to the court to first ensure, by making reasonable inquiry, that "the claims, defenses and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b)(2). In sum, the rule requires that claims be well-grounded in fact and in law. However, the rule also makes clear that, "Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)," *see,* FED. R. CIV. P. 11(c)(2)(A), effectively limiting sanctions for frivolous legal claims to attorneys. This limitation recognizes that the assertion of legal principles and matters of the law fall solely within the duty of the attorney. *See, id.,* advisory committee note to 1993 amendment. Consequently, to the extent the sanctions pursuant to section 11(b)(2) were imposed directly on Satterlee, they were improper.

### C. Whether It Was Error To Find The Complaint Frivolous.

Appellant next challenges the lower court's determination that sanctions were warranted, claiming the complaint could not be deemed frivolous where it stated a viable action for declaratory relief against the individual defendants and where the individual members were joined as necessary parties under Federal Rule of Civil Procedure 19(a). However, because the Court determines that the sanctions were procedurally flawed, it need not reach the merits of the sanctions order.

### IV. CONCLUSION

The trial court's order imposing sanctions under Rule 11 is reversed, because the court failed to provide appellant due process notice that it was contemplating such sanctions. Moreover, the court improperly charged the litigant for legal responsibilities reserved by the rule to her attorney. Accordingly, the sanctions order must be vacated and the matter remanded to the trial court for consideration of the appellee's original motion for attorney's fees and costs as a prevailing party under title 5, section 541 of the Virgin Islands Code.

### *ORDER*

For the reasons stated in an accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the trial court's order imposing sanctions pursuant to Federal rule of Civil Procedure 11 is **VACATED**; it is further

**ORDERED** that this case is **REMANDED** to the Territorial Court for consideration of Monique McLaughlin's motion for attorney's fees and costs, pursuant to title 5, section 541 of the Virgin Islands Code.