FILED
United States Court of Appeals
Tenth Circuit

July 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELISSA MELLOTT,

      Plaintiff,

v.

MSN COMMUNICATIONS, INC.,

      Defendant-Appellee.

------------------------------

JOHN R. OLSEN and
OLSEN & BROWN, LLC,

      Attorney-Appellants.

No. 11-1478
(D.C. No. 1:09-CV-02418-PAB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

John R. Olsen, who was the plaintiff's attorney in the underlying district-court

action, and his law firm appeal a Fed. R. Civ. P. 11 sanction imposed on them.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although we sympathize with the district court's frustration with Mr. Olsen's conduct, the sanction was not imposed in compliance with Rule 11's procedural requirements. Accordingly, we reverse and remand for the district court to consider awarding sanctions on some other ground.

I

This case started out ordinarily enough, with the plaintiff suing her former employer for discrimination. But the plaintiff's misconduct in the litigation is an extraordinary tale of breathtaking proportions. In a thorough order, the district court chronicled how the plaintiff falsified documents, lied about compensation she received from other companies after leaving the defendant's employment (and used another person's Social Security Number in connection with such work), and created a multi-layered, detailed fantasy to explain her failures to appear in court as ordered. Mr. Olsen backed his client up, even in the face of mounting and flagrant inconsistencies.

The defendant moved to dismiss the case. The dismissal motion included a request for sanctions against the plaintiff and Mr. Olsen under 28 U.S.C. § 1927, the court's inherent power, and Fed. R. Civ. P. 11, 26, and 37. Soon after the conclusion of briefing on the defendant's dismissal motion, the plaintiff moved to dismiss her complaint voluntarily with prejudice. On October 29, 2010, the district court granted the plaintiff's motion to dismiss the complaint. The court simultaneously denied as moot the defendant's motion to dismiss, but retained jurisdiction to dispose of

- 2 -

collateral matters and granted the defendant leave to file a renewed motion for sanctions.

In November 2010 the defendant filed its renewed motion for sanctions. In addition to citing 28 U.S.C. § 1927, the court's inherent power, and Fed. R. Civ. P. 11, 26, and 37, the defendant also sought sanctions under Title VII of the Civil Rights Act of 1964. Ultimately the district court found that the plaintiff and Mr. Olsen had engaged in sanctionable conduct. But because the defendant had not properly documented the fees it incurred, the district court denied an award of attorney fees. Instead, the court ordered the plaintiff to pay $25,000 to the court as a sanction under the court's inherent power, and it ordered Mr. Olsen and his firm to pay $25,000 to the court as a sanction under Rule 11. Only Mr. Olsen and the firm have appealed.

II

*Rule 11 Sanction*

We review a Rule 11 sanction for abuse of discretion. *See Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006). "[A] district court will be deemed to have abused its discretion if its decision to impose sanctions under . . . Rule 11 . . . rested on an erroneous view of the law." *Id.* (brackets and internal quotation marks omitted).

Rule 11 allows a district court to award sanctions either sua sponte or on a party's motion. Here, the district court proceeded on the defendant's renewed motion

for sanctions. But like the initial request for sanctions, this motion was not a separate Rule 11 motion, as required by Rule 11(c)(2). Moreover, the "safe-harbor" provision of Rule 11(c)(2) requires a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court. But the defendant did not comply with the safe-harbor provision. This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision. *See Roth*, 466 F.3d at 1191-92. Further, the renewed motion was filed after the court granted the plaintiff's motion to dismiss, and this court has held that it is an abuse of discretion to grant a Rule 11 motion that is filed after the dismissal of the case because it is then impossible to comply with the safe-harbor provision. *See id.* at 1193; *see also Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-84 (10th Cir. 2000) (reliance on Rule 11 would have been untimely because the motion for attorney fees was filed after summary judgment).

In light of the extreme facts of this case, we have considered affirming the sanction on other grounds. *See Dummar v. Lummis*, 543 F.3d 614, 618 (10th Cir. 2008) ("We may affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (internal quotation marks omitted)). But *Hutchinson* discourages us from taking this route, given that it declined to affirm an invalid Rule 11 sanction award under either § 1927 or the court's inherent power. *See* 208 F.3d at 1186-87.

It noted the "significant substantial and procedural differences [that] exist between Rule 11 and § 1927." *Id.* at 1186. And it stated that "[w]e must be especially cautious in invoking inherent authority to cure a procedurally defective Rule 11 order, lest the restrictions in Rule 11 become meaningless." *Id.* at 1187 (alterations and internal quotation marks omitted). Accordingly, instead of affirming on other grounds, we shall remand for further proceedings to allow the district court to consider whether this sanction is appropriate under another authority.

*Other Potential Sanctions*

Under Fed. R. Civ. P. 11(c)(5)(B), it is no longer possible for the district court to impose a monetary Rule 11 sanction sua sponte. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1529 (10th Cir. 1997). Thus, on remand the court cannot look to Rule 11 to support this award.

Another potential source of authority is § 1927. In *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006), we allowed § 1927 sanctions to be sought and awarded after final judgment. Nevertheless, at least two reasons counsel that on remand the district court should not rely on § 1927.

First, because defendant has declined to appeal the district court's denial of its request for attorney fees, the only relevant sanction is one payable to the court. The language of § 1927 itself does not make it clear whether the authorized sanction of "the excess costs, expenses, and attorneys' fees reasonably incurred" may be payable to the court, rather than to the opposing party. It appears that it may not. We have

held that "the text of § 1927, unlike that of Rule 11, indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008). Further, other circuit courts have held that a § 1927 sanction is not payable to the court. *See Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 249 n.34 (1st Cir. 2010); *Prosser v. Prosser*, 186 F.3d 403, 407 (3d Cir. 1999); *Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579, 1584 (Fed. Cir. 1990), *superseded by statute on other grounds as stated in Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000); *see also Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 293 (5th Cir. 1997) (Section 1927 "do[es] not squarely contemplate sanctions payable to the court for disruptive behavior."); *but see Jolly Group, Ltd. v. Medline Indus.*, 435 F.3d 717, 719, 721 (7th Cir. 2006) (affirming § 1927 sanction payable, in part, to the court); *Williams Enters., Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 239 (D.C. Cir. 1991) (counsel ordered to pay § 1927 sanction to clerk of appellate court for conduct during appeal); *Westinghouse Elec. Corp. v. NLRB*, 809 F.2d 419, 425 (7th Cir. 1987) (same).

Second, even if there are circumstances in which a § 1927 award can be payable to the court, the $25,000 sanction imposed here appears to exceed any proper recovery under § 1927. "'Excess costs' recoverable under 28 U.S.C. § 1927 include only those enumerated in 28 U.S.C. § 1920 . . . [S]anctions under § 1927 cannot be

based upon the court's time or upon wasted judicial resources." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).

In contrast, an inherent-power sanction may be payable to the court, and it may take account of the court's inconvenience and the waste of judicial resources. *See id.*; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (a "primary aspect" of the district court's discretion in exercising inherent powers "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). Further, it does not appear improper for the court to be presented with the issue of inherent-power sanctions after dismissing the plaintiff's case: In *Chambers* the Supreme Court affirmed an inherent-powers sanction that was sought and awarded after remand from the appeals court. *See* 501 U.S. at 40, 56.[1] The district court, however, must heed *Chambers*'s warning that "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process" in imposing an inherent-power sanction. *Id*. at 50.

---

[1] In *Steinert* we noted that "the Third Circuit has adopted a 'supervisory rule' that sanction issues under Rule 11 and the inherent power of the court must be decided before or concurrent to the final judgment." 440 F.3d at 1223. But *Steinert* involved § 1927, not an inherent-powers sanction, and it did not adopt the Third Circuit's supervisory rule. Moreover, it appears that the Third Circuit's rule is grounded in concerns about prompt district-court action and "[t]he interests of judicial efficiency, timeliness, and notice," as well as effective disciplinary guidance. *Prosser*, 186 F.3d at 405-06. Here, the district court acted promptly in requiring the defendant to file a renewed motion for sanctions after granting the plaintiff's motion to dismiss, and various sanctions issues continued to be presented while and even after the court considered the sanction at issue in this appeal. In the circumstances of this case, we believe it is not improper to allow the district court to reevaluate this sanction.

## III

The joint $25,000 sanction against Mr. Olsen and the law firm is VACATED and REMANDED for further proceedings consistent with this order and judgment. Appellants' Response Pursuant to Fed. R. App. P. 27.3 and Tenth Cir. R. 27.3 to Defendant's Notice of Intent Not to File a Response, which the court has construed as a motion to strike portions of the notice of intent, is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge